UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POLARIS IMAGES CORPORATION and NKECHI DIALLO,<br><br>                              Plaintiffs,<br><br>                    -v.-<br><br>ENTTECH MEDIA GROUP LLC,<br><br>                              Defendant. | 19 Civ. 8208 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

    Plaintiff Polaris Images Corporation ("Polaris") originally commenced this action against Defendant ENTtech Media Group LLC ("ENTtech") with the filing of a complaint on September 3, 2019. (Dkt. #1). On September 23, 2019, the Court scheduled an initial pretrial conference for December 19, 2019. (Dkt. #4). On October 25, 2019, ENTtech attempted to file a motion to dismiss the action (Dkt. #11), but the Court rejected the motion due to its failure to comply with the Court's Individual Rules of Practice (Dkt. #12). On October 30, 2019, ENTtech filed a letter seeking a pre-motion conference to discuss its anticipated motion (Dkt. #13), to which Polaris responded on November 4, 2019 (Dkt. #14). On November 5, 2019, the Court converted the scheduled initial pretrial conference to a pre-motion conference. (Dkt. #15).

    On December 19, 2019, Polaris and ENTtech appeared before the Court for the pre-motion conference. (Minute Entry for December 19, 2019). At the conference, the Court gave Polaris leave to file an amended complaint on or before January 10, 2020, and instructed ENTtech to advise the Court by

January 24, 2020, as to whether it wished to proceed with its motion to dismiss. (*Id.*). On January 10, 2020, an amended complaint was filed, but this time by Plaintiff Nkechi Diallo, who is also known as Rachel Dolezal. (Dkt. #17). Polaris was no longer named as a plaintiff in the amended complaint. (*See id.*). On January 24, 2020, ENTtech filed a letter objecting to Diallo's substitution as plaintiff in place of Polaris, arguing that it ran afoul of Federal Rules of Civil Procedure 15 and 21. (Dkt. #18). On January 29, 2020, Plaintiffs Polaris and Diallo filed a voluntary dismissal, without prejudice, of the instant action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

The Court now addresses ENTtech's motion for attorney's fees pursuant to 17 U.S.C. § 505, which permits a court in copyright cases to "award a reasonable attorney's fee to the prevailing party as part of the costs" of an action. (Dkt. #24-26). The Court sympathizes with ENTtech's frustration with Plaintiffs' conduct, and is only too aware of the notoriety that Plaintiffs' counsel, Richard Liebowitz, has obtained in this District. *See, e.g., Chevrestt* v. *Barstool Sports, Inc.*, No. 20 Civ. 1949 (VEC), 2020 WL 2301210, at *2 (S.D.N.Y. May 8, 2020) (noting that "Mr. Liebowitz has 'earned the dubious distinction of being a regular target of sanctions-related motions and orders,' and 'it is no exaggeration to say that there is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone'" (internal citations omitted)).

However, the Court must deny ENTtech's motion for the simple reason that ENTtech is not a "prevailing party." A "prevailing party" for the purposes

of fee-shifting statutes is one who is the beneficiary of a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc.* v. *W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001); *accord Ritani, LLC* v. *Aghjayan*, 970 F. Supp. 2d 232, 265-66 (S.D.N.Y. 2013) (applying the standard in the content of § 505). Applying this standard in the context of a defendant who secures a dismissal, the Second Circuit has found that the dismissal must "immunize a defendant from the risk of further litigation on the merits of a plaintiff's claims" in order to render the defendant "prevailing." *Dattner* v. *Conagra Foods, Inc.*, 458 F.3d 98. 103 (2d Cir. 2006).

As other courts in this District have recognized, a voluntary dismissal without prejudice involves neither a judicial sanction, because it is a unilateral action taken by the plaintiff without involvement from the court, nor a change in the legal relationship of the parties, because the plaintiff is free to resurrect her claim if she so wishes. *See, e.g., Magder* v. *Lee*, No. 14 Civ. 8461 (JFK), 2015 WL 4887551, at *2 (S.D.N.Y. Aug. 17, 2015); *TRF Music Inc.* v. *Alan Ett Music Grp., LLC*, No. 06 Civ. 349 (PKC), 2006 WL 1376931, at *2-3 (S.D.N.Y. May 18, 2006).

ENTtech argues that despite this clear authority, it should be considered a prevailing party because neither Polaris nor Diallo may refile this action because "they have admitted they lack standing." (Dkt. #27). ENTtech claims that this supposed admission immunizes it from further lawsuits based on the dismissed claims. (*Id.*). It may be that Plaintiffs' statement that Diallo, and not Polaris, was the proper party to sue will harm any effort by Plaintiffs to pursue

their dismissed claims if they to choose to refile said claims.  That, however, does not mean that Plaintiffs are barred from refiling their claims against ENTtech; it simply means that those refiled claims may prove unsuccessful.

Given that Plaintiffs' voluntary dismissal was without prejudice, they are free to refile the dismissed claims.  *Magder*, 2020 WL 4887551, at *2 ("[A] dismissal without prejudice is not a change in the legal relationship between the parties because plaintiff can still bring the claim again.").  Accordingly, ENTtech has no basis on which it can assert that it is a prevailing party, and it is not entitled to attorney's fees under 17 U.S.C. § 505.  ENTtech's motion for attorney's fees is DENIED, and the Clerk of Court is directed to terminate the motion at docket entry 24.

SO ORDERED.

Dated:  June 3, 2020
          New York, New York

KATHERINE POLK FAILLA
United States District Judge